Argued and submitted March 26, modified November 19, 1986

In the Matter of the Marriage of

DAHLGREN,
*Respondent,*
*and*

DAHLGREN,
*Appellant.*

(D8411-68744; CA A36475)

728 P2d 581

Michael A. Yates, Portland, argued the cause for appellant. With him on the brief was Gevurtz & Menashe, P.C., Portland.

Constance C. Jarvis, Portland, argued the cause for respondent. With her on the brief was Michael J. O'Brien, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

DEITS, J.

### DEITS, J.

Wife appeals from a dissolution judgment, seeking a modification of two provisions. The trial court awarded her monthly spousal support of $500 for the first 12 months after the judgment, $400 for the second year, $300 for the third year and $250 permanently thereafter. Wife argues that those amounts are insufficient. She also appeals the trial court's refusal to award her attorney fees, costs and disbursements. On *de novo* review, we modify the support award and deny wife's request for attorney fees in the trial court.

Husband and wife were married in 1959. They had two children, both of whom were over the age of 21 at the time of the dissolution. When the parties first married, wife was working as a dental assistant, but she stopped working in 1960 when their first child was born. Six months later, she went back to work for one year. In 1972, wife attended real estate schools in Oregon and California. She obtained a real estate license in both states and worked in the real estate business in California for one year.

In August, 1983, the parties separated. They sold their house in California and divided the proceeds evenly, each party receiving $52,000. Wife put her share into certificates of deposit, which have been yielding approximately $400 per month interest. Husband invested his share in a house in Beaverton. Wife is subject to capital gains taxes of approximately $7,000, because she could not qualify for a home loan and therefore did not reinvest the money in a new home. She currently lives in an apartment in California.

At the time of trial, wife's monthly net salary income was approximately $800. Her total monthly expenses were approximately $2,000. Husband was netting about $3,500 monthly, with expenses of $3,400, including $600 for "credit cards" and $400 for clothing. Unlike wife, husband receives a company car and his health insurance is paid for by his employer. Wife was 46 years old and husband was 50 at the time of trial. Both parties were in good health.

The key objective in establishing spousal support, after taking into consideration the factors enumerated in ORS 107.105(1)(d), is to allow each party to achieve an "economic standard of living not overly disproportionate to that enjoyed

during the marriage." We do not believe that the trial court's decision in this case achieves that objective to the extent possible. It is apparent that there presently is a large discrepancy between the earning capacities of husband and wife. Although husband did finance and support several attempts on wife's part to begin careers during the marriage, the present discrepancy is due, at least in part, to the fact that during the parties' long marriage wife's contribution was as homemaker and primary caregiver for the parties' children, allowing husband to pursue a career and limiting her opportunity to do so. We modify the monthly spousal support to $800 per month for the first two years after the original decree, $700 for the third and fourth years and $500 permanently thereafter.

■     Wife also argues that the trial court erred in refusing to award her attorneys' fees. We disagree. ORS 107.105(1)(i) permits the trial court to award attorney fees in a dissolution action, "as the court finds reasonably necessary to enable such party to prosecute or defend the suit." The trial court was not wrong in refusing to make such an award to wife in this case.

Modified to provide spousal support of $800 per month for the first two years after the date of original judgment, $700 for the third and fourth years and $500 permanently thereafter. Costs to wife.